IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TRENT EDWARD TURNER and ) | Case No. 14-43032-13 |
| MARY BETH TURNER, ) | |
| ) | |
| Debtors. ) | |

ORDER DENYING TRUSTEE'S MOTION TO
DENY CONFIRMATION OF CHAPTER 13 PLAN

The Chapter 13 Trustee filed a Motion to Deny Confirmation of the Debtor's proposed Chapter 13 Plan on the ground that it proposes to treat 21st Mortgage Corporation's claim – which is secured by a manufactured home not attached to land – as a long term real estate mortgage.  21st Mortgage supports the Plan.  For the reasons that follow, the Trustee's Motion to Deny Confirmation is DENIED.

Debtors Trent Edward Turner and Mary Beth Turner filed this Chapter 13 bankruptcy case on August 29, 2014.  Their initial schedules, filed with the Petition, showed no real property, and listed a mobile home valued at $10,000 as personal property.  21st Mortgage filed a Proof of Claim, to which no one has objected, in the amount of $17,902, secured by a 2002 Sunshine Manufactured Home.  The contract rate of interest on the obligation to 21st Mortgage is 11.48%.

The Debtors' First Amended Plan proposed to cram down 21st Mortgage's claim to the value of the manufactured home (which they asserted was $10,000), reduce the interest rate to the Local Rule Chapter 13 rate, and to pay an Equal Monthly Amount of $110 in full satisfaction of the claim.  21st Mortgage objected, asserting that the Plan must treat its claim as if it were a residential real estate mortgage and, thus, cannot be crammed down.  In the alternative, 21st Mortgage

asserted that, if its claim can be crammed down, the value of the manufactured home is in excess of $18,000.

In response to this Objection, the Debtors filed a Second Amended Plan, now proposing to pay 21st Mortgage's claim as a long term real estate mortgage. It proposes to pay the full amount of the claim pursuant to the contract terms, with payments to be made directly to 21st Mortgage, outside of the Plan. The Debtors also amended their schedules to list the manufactured home as real property, as opposed to personal property.

Now, the Chapter 13 Trustee opposes the Plan, essentially because it treats 21st Mortgage's claim as though it were secured by real property. Section 1322(b)(2), known as the "anti-modification provision," provides, in relevant part, that a plan may "modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence*." The question here is whether the 2002 Sunshine Manufactured Home is "real property that is the [Debtors'] principal residence."

"Bankruptcy courts look to state law to determine the nature and extent of a debtor's interest in particular property because property interests are created and defined by state law."[1] Missouri law, therefore, applies to the question of whether the mobile home is "real property that is the Debtors' residence."

I faced a similar issue in *In re Coleman*.[2] In that case, I held that, in Missouri, a mobile home is considered in the first instance to be personal property,

---

[1] *In re Webb*, 742 F.3d 824, 828 (8th Cir. 2014) (citation and internal quotation marks omitted).

[2] 373 B.R. 907 (Bankr. W.D. Mo. 2007).

2

but it can be converted to real property if certain conditions are met.[3] At that time, § 700.111 of the Missouri Statutes defined how an owner of a manufactured home may convert it to real property, namely, by attaching it to a permanent foundation on real estate owned by the manufactured home owner and removing or modifying of the transporting apparatus.[4] Based on the testimony in *Coleman*, I determined that the manufactured home there had not been converted to real property and, therefore, the debtors could propose a plan which modified the secured lender's claim without running afoul of § 1322(b)(2)'s anti-modification provision.[5]

However, after *Coleman* was decided, and perhaps in response to *Coleman* and similar cases, the Missouri legislature made relatively significant changes to the Missouri statutes dealing with manufactured homes.[6] As part of those amendments, which became effective March 1, 2011, the Missouri legislature enacted § 442.015. In sum, § 442.015 now provides that a manufactured home is permanently affixed to real estate if it is anchored to real estate by attachment to a permanent foundation constructed in accordance with applicable building codes and manufacturer's specifications, and is connected to residential utilities.[7] Once the manufactured home is so permanently affixed and certain affidavits are filed with the county recorder and director of revenue,[8] the manufactured home is then deemed to be real estate for certain mortgage and tax purposes. But, of critical importance here, § 442.015 now expressly provides that "for the purposes of 11

---

[3] *Id.* at 910 (citing *Housley v. Mericle*, 57 S.W.3d 360, 364 (Mo. Ct. App. 2001) ("A manufactured home is considered personal property until converted to real property, pursuant to § 700.111."); *In re Thornton*, 269 B.R. 682, 685 (Bankr. W.D. Mo. 2001)).

[4] *Id.* (quoting Mo. Rev. Stat. § 700.111).

[5] *Id.* at 911.

[6] 2010 Mo. Legis. Serv. S.B. 630 (West).

[7] Mo. Rev. Stat. § 442.015.1.

[8] Mo. Rev. Stat.

U.S.C. Section 1322(b)(2), a manufactured home shall be deemed to be real property."

Therefore, although *Coleman*'s analysis may still be applicable in some contexts in bankruptcy – such as for exemption purposes – issues I do not decide here, for purposes of § 1322(b)(2)'s anti-modification provision, a manufactured home is considered under Missouri law to be real property, regardless of whether it is affixed to land or treated as real property for mortgage recording and tax purposes. In that sense, as it relates to § 1322(b)(2), *Coleman* has been superseded by § 442.015.1.

Since there is no dispute that the manufactured home at issue here is the Debtors' principal residence,[9] and since 21st Mortgage opposes the modification of its claim, the Debtors must propose a plan which does not modify the treatment of 21st Mortgage's claim. Moreover, since the Debtors are not in default of payments to 21st Mortgage, under the local rules, they may make the payments to 21st Mortgage directly.[10] Therefore, the Debtor's Second Amended Plan, which treats 21st Mortgage's claim in accordance with § 1322(b)(2), is confirmable.

ACCORDINGLY, the Chapter 13 Trustee's Motion to Deny Confirmation of the Debtors' Second Amended Plan is DENIED.

IT IS SO ORDERED.

Dated: 11/24/14                                         /s/ Arthur B. Federman
                                                        Chief Bankruptcy Judge

---

[9] *See* 11 U.S.C. § 101(13A) (defining "debtor's principal residence" as "a residential structure, including incidental property, without regard to whether that structure is attached to real property; and . . . includes . . . a mobile home or manufactured home, or trailer."

[10] Local Rules of Practice for the United States Bankruptcy Court, Western District of Missouri, 3070-1.